### IN THE UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **OTIS H. LACY,** | ) |
| | ) |
|    **Petitioner,** | ) |
| | ) |
| v. | ) **Case No. CIV-08-1094-R** |
| | ) |
| **DAVID PARKER, Warden,** | ) |
| | ) |
|    **Respondent.** | ) |

### ORDER

  Petitioner, a state prisoner appearing pro se, filed this action pursuant to 28 U.S.C. § 2254, seeking a writ of habeas corpus. Pursuant 28 U.S.C. § 636(b)(1)( B), the matter was referred to United States Magistrate Judge Valerie K. Couch for preliminary review. On March 25, 2009, Judge Couch issued a Report and Recommendation, wherein she recommended that the petition be denied. The matter is currently before the Court on Petitioner's timely objection to the Report and Recommendation. Additionally, Petitioner has filed a Motion For Leave to Introduce New Evidence Pursuant to 28 U.S.C. § 2254 Rule 7(B), which will be addressed herein.

  As noted by Judge Couch, Petitioner was convicted following jury trial of procuring child pornography (Count I), distributing child pornography (Count II) and two counts of contributing to the delinquency of a minor (Counts III, IV), the first two counts after former conviction of a felony. Petitioner was sentenced to ten years imprisonment on Count I,

fifteen years on Count II, and one year in the County jail on Counts III and IV.[1] The trial court ordered the sentences to run concurrently. Petitioner raises a number of challenges to his conviction, and the Report and Recommendation addresses each claim in turn. The Court shall conduct a *de novo* review of Petitioner's objections as required by 28 U.S.C. § 636(b)(1). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*

In Ground One of the Petition, Petitioner argues that his equal protection rights were violated because the Oklahoma Court of Criminal Appeals acknowledged that the jury at his trial should have been instructed that he was required to serve eight-five percent of his sentence before becoming eligible for parole consideration, but refused to modify his sentence as it has done for other offenders' with the same issue regarding jury instructions.[2] As noted by Judge Couch, Petitioner has failed to establish that he was similarly situated to the Defendant in *Locust v. State of Oklahoma*, Case No. CF-2004-997 (Okla. Crim. App. April 3, 2006). Additionally, as noted by Judge Couch, the Oklahoma Court of Criminal Appeals has repeatedly held that the failure of a trial court to instruct the jury on the 85% Rule does not entitle a defendant to a modified sentence. Finally, the Tenth Circuit recently concluded that a decision by the Oklahoma Court of Criminal Appeals not to modify a

---

[1] On direct appeal the Oklahoma Court of Criminal Appeals ordered that Count III, contributing to the delinquency of a minor, be dismissed.

[2] Originally the Oklahoma Court of Criminal Appeals ordered that Petitioner's case be remanded to the District Court of Payne County for a sentence modification, specifically ordering that his sentences be modified to run concurrently. Once informed that Petitioner's sentences had originally been ordered to run concurrently the Oklahoma Court of Criminal Appeals declined to otherwise modify his sentence.

sentence following the trial court's failure to instruct the jury on the 85 percent rule did not violate the Equal Protection clause  *See Powers v. Dinwiddie*, 2009 WL 845098, *2 (10th Cir. April 1, 2009).  Accordingly, Petitioner is not entitled to habeas corpus relief on this basis.

Judge Couch next considered Petitioner's ineffective assistance of appellate counsel claims, in part because of the relationship between such claims and the procedural bar applicable in certain circumstances to claims raised for the first time in post-conviction proceedings.  Judge Couch concluded that Petitioner had failed to establish that appellate counsel was constitutionally ineffective pursuant to *Strickland v. Washington*, 466 U.S. 668, 687 (1984), and as a result, his remaining claims were procedurally barred.[3]

Petitioner was convicted of procuring child pornography and distributing child pornography following an incident at Cushing High School in August 2004.  The State presented evidence that Petitioner's daughter, at his request, circulated photographs of the victim via lockers at the Cushing High School.  The photograph showed the victim's face and a penis, allegedly belonging to Defendant, in a photograph the victim stated was taken by the Defendant.  According to the victim, the Defendant, her boyfriend, was angry because he believed she was flirting with her co-workers, and as a result, he kicked her out of his home and sought to humiliate her by having his daughter circulate the pictures at school.

---

[3] As noted by Judge Couch, consideration of the ineffective assistance of appellate counsel claims required consideration of the merits of the issues omitted from direct appeal, and as a result, the merits of Petitioner's remaining claims were actually considered by Judge Couch in her review of Petitioner's ineffective assistance of appellate counsel claims.

Defendant denied that it was his penis shown in the photograph or that he was involved in circulating the photographs. Defendant testified at trial that it was not his penis in the photograph, noting the tattoo inked on his penis in 2003. Petitioner's tattoo artist testified in support of his contention that it was not Petitioner's penis because the artist had completed a tattoo in 2003.

Petitioner contends that counsel was ineffective in failing to seek a new trial based on "newly discovered evidence." Petitioner also alleged on post-conviction, as he does at this time, that he is actually innocent. In denying relief to the Petitioner on post-conviction, the Oklahoma Court of Criminal Appeals noted that Petitioner "has not obtained any recantations of testimony and he offers no new evidence to support his claims of factual innocence." Oklahoma Court of Criminal Appeals Order Affirming Denial of Post-Conviction Relief, p. 2. In an effort to combat this finding, and to bolster his ineffective assistance of appellate counsel claims in other ways, Petitioner provided three items as part of a Motion for Leave to Introduce New Evidence, filed after Judge Couch issued the Report and Recommendation.

The first piece of evidence that Petitioner wishes to introduce is part of a letter to him, apparently from his daughter received by him in January 2009, wherein she wrote "Yes I did testify but . . . they threatened me to the point I was scared [***less]." Petitioner also seeks to admit two letters drafted in April 2009, one from his sister, Mechell Westberry, and the other from her daughter, Shelby Westberry. In her letter Mechell Westberry asserts that Petitioner's daughter was coerced into testifying against her father and admitting her part in the distribution of the photographs, and that her brother could not be the person depicted in

the photograph because the picture did not show a tattoo on the penis, which her brother had placed there prior to the date of the crime. Shelby Westberry authored a letter indicating that she believed that Petitioner's daughter, her cousin, had been threatened into testifying against her father and implicating him in the creation and distribution of the photographs. As support for including these letters Petitioner cites to Rule 7(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Rule 7 permits that the Court may direct the parties to expand the record by submitting additional materials. "The materials that may be required include letters predating the filing of the petition. . . ." Rule 7(b). In this case, these letters do not predate the filing of the petition and thus are not appropriate under Rule 7(b). Furthermore, the letter from Petitioner's daughter is not a recanting of her trial testimony. None of the letters contains newly discovered evidence, and any testimony regarding the tattoo on Petitioner's penis would have been cumulative of the testimony offered by Petitioner and the tattoo artist at trial. Petitioner has failed to establish that he is entitled to expand the record by inclusion of these letters. As such, his motion is denied.

The remaining portions of Petitioner's objection to the Report and Recommendation either rely on the inadmissible letters or merely restate the arguments he presented to Judge Couch in support of the petition that she thoroughly considered and appropriately rejected. Petitioner has not established that he is entitled to relief under the standards set forth in § 2254, and accordingly, the Report and Recommendation is ADOPTED IN ITS ENTIRETY and the petition is DENIED. Judgment shall be entered in favor of the Respondent.

Petitioner's Motion for Leave to Introduce New Evidence Pursuant to 28 U.S.C. § 2254 Rule 7(b) is DENIED.

**IT IS SO ORDERED** this 22nd day of April 2009.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE